Keith Harris, Esq. (KH 4604)
Braff, Harris, Sukoneck& Maloof
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
Ph: (973) 994 6677
kharris@bhsm-law.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| **THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually,** : : : : | |
| **Plaintiffs,** : | **Case No.** |
| **vs.** : : | |
| **ANCHORAGE PLAZA, LLC, a New Jersey Limited Liability Company,** : : : | |
| **Defendant.** : | |
| _____/ | |

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually, on their behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, ANCHORAGE PLAZA, LLC, a New Jersey Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42

1

U.S.C. § 12181 et seq. ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, *et seq.*

1.  Plaintiff, Ronald Moore, is an individual residing at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

2.  Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey. THE INDEPENDENCE PROJECT, INC. maintains its principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3.  Defendant, ANCHORAGE PLAZA, LLC, holds title to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

4.  Defendant's property, Anchorage Square is located at 1747 Hooper Avenue, Toms River, New Jersey 08753, in the County of Ocean.

5.  Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

7.  Plaintiff Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic. Ronald Moore has visited the property which forms the basis of this lawsuit on numerous occasions and

plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 8.

8.   Plaintiff THE INDEPENDENCE PROJECT, INC., is a nonprofit New Jersey corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

9.   THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant has compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against because of its association with its disabled members and their claims.

10.  Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Anchorage Square, and is located at 1747 Hooper Avenue, Toms River, NJ 08753.

11.  THE INDEPENDENCE PROJECT, INC. and Ronald Moore have a realistic, credible,

existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Ronald Moore desires to visit Anchorage Square not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.    The Defendant has discriminated, and continues to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Anchorage Square has shown that violations exist. These violations that Ronald Moore personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

a) Parking spaces throughout Anchorage Square are not maintained; contain abrupt changes of level and lack adequate access aisles in some locations, violating Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions during numerous visits prevented Mr. Moore from unloading from his van freely and safely. On certain occasions he would park away from the plaza to insure he could access his van.

b) Curb ramps provided to access stores at Anchorage Square are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive

4

slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. Mr. Moore dealt with a lack of maneuvering space at the top of the curb ramp. These conditions are unsafe for Mr. Moore when he accesses the curb ramps.

c) The exterior accessible route from parking spaces at Anchorage Square fails to provide a safe accessible route to ramps or curb ramps, violating Section 402 of the 2010 Accessibility Standards. Mr. Moore was forced to travel in the traffic area of the center to get to the curb ramp.

d) Anchorage Square fails to provide a safe accessible route to the adjacent street/sidewalk/bus stop, violating Section 206.2.1 of the 2010 Accessibility Standards. The lack of an accessible route prevents the option of public transportation for Mr. Moore.

## Access to Goods and Services

e) McIntyre's Pub fails to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Moore was unable to dine comfortably due to a lack of accessible tables.

f) Payment counters throughout Anchorage Square including McIntyre's Pub are mounted beyond the reach of Mr. Moore, violating Sections 308 and 904 of the 2010 Accessibility Standards.

g) Entering tenants is impeded by abrupt changes of level and/or slopes at the base and improper door hardware, violating Section 404 of the 2010 Accessibility Standards. Mr. Moore's wheelchair can be damaged by abrupt changes of level. Round door knobs are hard to use for Mr. Moore due to palsy hands.

## Restrooms

h) Restrooms at McIntyre's Pub and Salon Solutions were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Moore was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

i) Restrooms at McIntyre's Pub and Salon Solutions provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

j) Lavatories at McIntyre's Pub and Salon Solutions lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

k) McIntyre's Pub and Salon Solutions provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Moore was unable to access flush controls while in the restrooms due to improper location.

l) Using restrooms doors at McIntyre's Pub and Salon Solutions in Anchorage Square is impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round door knobs impede Mr. Moore from easily accessing doors, levered door handles are required.

**Maintenance**

m) he accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

14. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of

6

public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16.     Defendant has discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted.    Furthermore, the public interest would not be disserved by a permanent injunction.

18.     Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there

7

has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Anchorage Square to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE**, Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

**COUNT II**
**VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**

22.    Plaintiffs reallege all prior obligations as if fully set forth herein. Plaintiffs repeat the allegations contained in all of the proceeding paragraphs.

23.    Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

24.    New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.)

25.    As a result of the aforementioned discrimination, Plaintiff Ronald Moore has sustained

9

emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Ronald Moore demands judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Dated: 1\11\18

Respectfully Submitted,

KEITH HARRIS, ESQ.
Keith Harris, Esq. (KH4604)
Braff, Harris, Sukoneck& Maloof
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
Ph: (973) 994-6677
Fax: (973) 994-1296
kharris@bhsm-law.com

John P. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Ph: (305) 891-5199
Fax: (305) 893-9505
jpf@fullerfuller.com

Counsel for Plaintiffs
The Independence Project, Inc. and Ronald Moore